UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANNE S. HALL, Personal Representative of the Estate of Louise R. Smith, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:13-CV-541-TAV-HBG |
| DEPARTMENT OF VETERANS AFFAIRS, An Agency or Department of the United States, | ) ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

This civil action is before the Court on plaintiff's Motion to Remand [Doc. 5] and Defendant's Motion to Dismiss [Doc. 8]. Plaintiff filed a response to the motion to dismiss [Doc. 11]. Upon consideration of the parties' motions, the Court finds that it lacks jurisdiction. It will therefore dismiss this case.

## I. Background

This matter pertains to an Application for Accrued Amounts Due a Deceased Beneficiary ("veteran's benefits") filed with the United States Department of Veterans Affairs ("Veterans Affairs" or "VA") Pension Management Center ("PMC") [Doc. 1-1 ¶¶ 4–6, Ex. 4]. Plaintiff claims that, despite submitting documentation and contacting the VA "numerous times," plaintiff has not received the retroactive award entitled to Louise R. Smith [Doc. 1-1 ¶¶ 4–6].

Plaintiff filed a civil suit against the VA in the Chancery Court for Knox County, Tennessee [Doc. 1-1]. Veterans Affairs filed a notice of removal to this Court pursuant

to 28 U.S.C. § 1442(a)(1) [Doc. 1]. Plaintiff filed a motion to remand, arguing that the Chancery Court has exclusive jurisdiction over probate matters, and this dispute is nothing more than "an attempt to collect a debt owed to the Estate of Louise R. Smith, Deceased" [Doc. 5]. Plaintiff further asserts that the amount in controversy is less than $75,000 [*Id.*].

Making a special appearance in this Court, defendant filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 38 U.S.C. § 511(a) [Doc. 8]. Plaintiff responded, asserting that the Court should remand the action to the state court to the extent this Court lacks jurisdiction and reiterating that this is "a simple Estate claim" [Doc. 11].

## II. Analysis

Defendant makes a facial challenge to the sufficiency of the subject matter jurisdiction alleged in the complaint [Doc. 9]. A facial challenge "is a challenge to the sufficiency of the pleading itself and the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Slomczewski v. United States*, No. 3:12-CV-188, 2013 WL 322115, at *1 (E.D. Tenn. Jan. 28, 2013) (internal quotation marks and citations omitted). The plaintiff, though, bears the burden of demonstrating jurisdiction. *Id.* (citations omitted).

From the face of the complaint, plaintiff's claim arises from the veteran's benefits claim filed with the VA PMC. Section 511(a) of Title 38 of the United States Code provides that unless a matter falls within § 511(b), no decision that "affects the provision

of [veteran's] benefits . . . may be reviewed by any court . . . by . . . mandamus or otherwise." 38 U.S.C. § 511(a). Section 511(b) addresses challenges to rulemaking under § 502, certain insurance questions under §§ 1975 and 1984, matters relating to housing and small business loans under § 3701, and Board of Veterans Appeals decisions in the Veterans Court under § 7251 *et seq.*, but none of those challenges are made here. Thus, because plaintiff's complaint arises from a claim for veteran's benefits, it must be dismissed. *See Beamon v. Brown*, 125 F.2d 965, 970–974 (6th Cir. 1997) (recognizing "that Congress intended to preclude district court jurisdiction over VA decisions relating to benefits claims, including decisions of constitutional issues"); *see also Thompson v. Veterans Admin.*, 20 F. App'x 367, 369 (6th Cir. 2001); *Newsom v. Dep't of Veterans Affairs*, 8 F. App'x 470, 471 (6th Cir. 2001); *Hayden v. Sec. of Dep't of Veterans Affairs*, No. 98-5663, 1999 WL 313890, at *1 (6th Cir. May 4, 1999).

### III. Conclusion

Because this Court lacks jurisdiction, plaintiff's Motion to Remand [Doc. 5] will be **DENIED** and Defendant's Motion to Dismiss [Doc. 8] will be **GRANTED**. This case will be **DISMISSED**. The Clerk will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE