UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ANNE S. HALL, Personal Representative of the Estate of Louise R. Smith, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF VETERANS AFFAIRS,<br>An Agency or Department of the United States,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) No.: 3:13-CV-541-TAV-HBG<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

This matter pertains to an Application for Accrued Amounts Due a Deceased Beneficiary ("veteran's benefits") filed with the United States Department of Veterans Affairs ("Veterans Affairs" or "VA") Pension Management Center ("PMC") [Doc. 1-1 ¶¶ 4–6, Ex. 4]. Plaintiff claims that, despite submitting documentation and contacting the VA "numerous times," plaintiff has not received the retroactive award entitled to Louise R. Smith [Doc. 1-1 ¶¶ 4–6].

Plaintiff filed a civil suit against the VA in state court, and the VA filed a notice of removal to this Court [Doc. 1]. Plaintiff filed a motion to remand, which asserted that this Court lacked jurisdiction, and defendant filed a motion to dismiss for lack of subject matter jurisdiction [Docs. 5, 8]. Considering the motions together, the Court agreed with defendant and found that it did not have jurisdiction because plaintiff's complaint arises from a claim for veteran's benefits [*See* Doc. 12]. It therefore dismissed the case [Doc.

13].

Plaintiff filed a "response" to the dismissal order [Doc. 14], and defendant replied [Doc. 16]. Plaintiff asserts that the Court could not dismiss this case because it did not have jurisdiction. Further, plaintiff claims the "affect [sic] of this Court's Order is to dismiss the case leaving the action pending in the Knox County Chancery Court" [Doc. 14].

As an initial matter, the defendant's notification to the state court of the removal to federal court [*See* Doc. 2-1] "terminates the state court's jurisdiction over the case." *Schliewe v. Toro*, 138 F. App'x 715, 720 (6th Cir. 2005). Hence, there is no "live cause of action" in state court to remand to as plaintiff suggests [Doc. 14 (emphasis omitted)].

Moreover, "A defendant's power to remove a case to federal court is independent of the federal court's power to hear it." *Nebraska ex rel. Dep't of Social Servs. v. Bentson*, 146 F.3d 676, 678–79 (9th Cir. 1998). The "basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota*, 461 U.S. 273, 287 (1993). The United States has not waived its sovereign immunity as to review of VA procedures by any court other than the United States Court of Veterans Appeals, the Federal Circuit, and the Supreme Court of the United States. *See In re Russell*, 155 F.3d 1012, 1013 (8th Cir. 1998). Thus, as here, when a case filed against a federal agency, like the VA, has been properly removed to district court pursuant to 28 U.S.C. § 1442(a)(1), and where Congress has not waived sovereign immunity of the United States or its agencies with respect to claims brought

against it in either district court or state court, dismissal of the action, rather than remand, is appropriate.

Accordingly, the Court finds it properly dismissed this action and denied plaintiff's motion to remand. Plaintiff's "response" to the Court's order denying plaintiff's motion to remand and dismissing this action [Doc. 14] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE